**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LOWELL L. JONES,**

   **Petitioner,**

 v.

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

 **Respondent.**

**CASE NO. 2:12-CV-150
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's Return of Writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 14, 2009, an employee of the Kroger grocery store in Hebron, Ohio, noticed appellant acting suspiciously in the beverage section of the store. Lori Cain, a store security/loss prevention officer, received a report that a man later identified as appellant was in the process of shoplifting bottles of liquor. Appellant was confronted by Cain inside the store. He first told Cain to get out of his way, and then threatened to hurt her "real bad." Appellant then removed two bottles from his coat and sat them on the floor, indicating he intended to leave the premises to talk to his purported sister, a female accomplice who had been inside the store with him but already had left for the parking lot. Cain, who was backed up by two other store employees, told appellant he could not leave. Appellant responded by removing another bottle and swinging it at Cain. She responded by spraying him with pepper spray, which had little immediate effect.

As the incident progressed, appellant made it outside, where he saw his aforesaid female accomplice, who was in the driver's seat of a red pickup truck. Appellant moved toward the vehicle yelling at her to "run the bitch over" and "run them all over." Appellant then ran from the immediate area. Cain, who later testified that the driver "aimed right at me," was struck by the pickup and suffered injuries to her right leg and knee, which later required surgeries. Appellant was apprehended in the red pickup truck a short time later by Union Township police officers.

Appellant was charged with aggravated robbery (R.C. 2911.01(A)(3)), complicity in felonious assault (R.C. 2923.03(A)(1) and 2903.11(A)(1)/ (A)(2)), and robbery (R.C. 2911.02(A)(2)).

Appellant entered pleas of not guilty, and the merged cases proceeded to a jury trial on April 5 and 6, 2010. Appellant did not dispute at trial that he had committed theft, but he denied robbery and assault.

Appellant was found not guilty of aggravated robbery but was found guilty of robbery (R.C. 2911.02(A)(2)), complicity in felonious assault, and theft (R.C. 2913.02).

Appellant was thereafter sentenced to four years for robbery, six years for complicity in felonious assault, and 180 days for theft.

On May 5, 2010, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

"I. THE TRIAL COURT VIOLATED APPELLANTS' [SIC] STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED OFFENSES OF ROBBERY IN VIOLATION OF R.C. 2911.02(A)(2) AND COMPLICITY IN FELONIOUS ASSAULT IN VIOLATION OF R.C. 2923.03(A)(1)/2903.11(A)(1) AND/OR (A)(2), WHICH WERE BASED ON THE SAME ACT OF VIOLENCE.

"II. THE TRIAL COURT VIOLATED APPELLANTS' [SIC] STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED OFFENSES OF ROBBERY IN VIOLATION OF R.C.

>   2911.02(A)(2) AND THEFT IN VIOLATION OF R.C. 2913.02, WHICH WERE BASED ON THE SAME ACT OF THEFT.
>
>   "III. THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.14(E)(4) BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED STATUTORY FINDINGS."

*State v. Jones*, No. 10 CA 50, 2011 WL 1833386 at *1-2, (Ohio App. 5th Dist. May 12, 2011). On May 12, 2011, the appellate court sustained Petitioner's second assignment of error and remanded the case to the trial court to review its consideration regarding merger of the robbery and theft offenses for sentencing. Otherwise, the appellate court affirmed the judgment of the trial court. *Id.*[1] On December 21, 2011, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Jones*, 130 Ohio St.3d 1496 (2011). Meanwhile, on July 7, 2011, the trial court re-sentenced Petitioner to four years of incarceration on the robbery conviction, such sentence to be served consecutively to his sentence in Case Number 09CR359. *Exhibit 16 to Return of Writ*.

On February 17, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

>   1. The trial court violated Petitioner's state and federal double jeopardy protections, state and federal rights to due process, and R.C. § 2941.25 by failing to merge the allied offenses of robbery, in violation of R.C. § 2911.02(A)(2) and complicity in felonious assault, in violation of R.C. §§ 2923.03(A)(1)/2903.11(A)(1) and/or (A)(2), which were based on the same act of violence.
>
>   2. The trial court violated appellants' state and federal double jeopardy protections, state and federal rights to due process, and R.C. § 2941.25 by failing to merge the allied offenses of robbery, in violation of R.C. § 2911.02(A)(2) and theft, in

---

[1] On August 8, 2011, the appellate court denied Petitioner's application for reconsideration. *See Exhibits 13-15 to Return of Writ*.

3

    violation of R.C. § 2913.02, which were based on the same act of theft.

3. The trial court violated due process and R.C. 2929.14(E)(4) by imposing consecutive sentences without making the required statutory findings.

It is the position of the Respondent that none of Petitioner's claims provide a basis for federal habeas corpus relief.

## CLAIM TWO

In claim two, Petitioner asserts that his sentences on robbery and theft violate the Double Jeopardy Clause. As discussed, the Ohio Court of Appeals sustained this claim on direct appeal, remanding the case to the trial court for re-sentencing:

> [A]ppellant contends the trial court erred in failing to merge his convictions for robbery and theft. We agree.
>
> Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
>
> Appellant's theft conviction was based on R.C. 2913.02(A)(1), which states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."
>
> We first conclude it is possible to commit the offense of robbery and the offense of theft, as charged in the case *sub judice*, with the same conduct. In regard to the second step of the analysis, the facts of the case *sub judice* establish that the robbery and theft both stem from appellant's shoplifting of the same items from the Kroger store. Accordingly, pursuant to *Johnson*, we find the trial court should have merged the robbery and theft convictions for sentencing, although this conclusion does not affect the guilty verdicts issued by the jury. The matter will be remanded to the trial court to review merger of the robbery and theft offenses for sentencing, as provided by the Ohio Supreme Court in the case of *State v. Whitfield,* 124 Ohio St.3d 319, 922 N.E.2d 182, 2010–Ohio–2.

**4**

Appellant's Second Assignment of Error is sustained.

*State v. Jones*, 2011 WL 1833386, at *4. The trial court re-sentenced Petitioner, merging his sentences on robbery and theft pursuant to the remand of the state appellate court. *Exhibit 16 to Return of Writ.* This claim is moot and, therefore, fails to provide a basis for relief.

## CLAIM ONE

In claim one, Petitioner asserts that his convictions and sentences on robbery and complicity to commit felonious assault violate the Double Jeopardy Clause. The state appellate court rejected this claim, reasoning as follows:

> [A]ppellant argues the trial court erred in failing to merge his convictions for robbery and complicity to commit felonious assault. We disagree.
>
> R.C. 2941.25 reads as follows:
>
> "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
>
> There has been significant development in allied offense jurisprudence in Ohio in recent years. For approximately the first decade of the new millennium, law interpreting R.C. 2941.25 was based on *State v. Rance*, 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999–Ohio–291, wherein the Ohio Supreme Court had held that offenses are of similar import if the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id*. The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

5

Approximately one year after appellant's sentence, the Ohio Supreme Court instructed as follows in *State v. Cabrales*, 118 Ohio St.3d 54, 886 N.E.2d 181, 2008–Ohio–1625, syllabus:

"In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."

According to *Cabrales,* if the sentencing court has initially determined that two crimes are allied offenses of similar import, the court then proceeds to the second part of the two-tiered test and determines whether the two crimes were committed separately or with a separate animus. *Id.* at 57, 886 N.E.2d 181, citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

However, subsequent to the oral arguments in the present appeal, the Ohio Supreme Court decided *State v. Johnson*, 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, which specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.*, at the syllabus. As cogently summarized in *State v. Nickel*, Ottawa App.No. OT–10–004, 2011–Ohio–1550, ¶ 5, the new test in *Johnson* for determining whether offenses are subject to merger under R.C. 2921.25 is two-fold: "First, the court must determine whether the offenses are allied and of similar import. In so doing, the pertinent question is 'whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without* committing the other.' (Emphasis sic.) *Id.* at ¶ 48. Second, 'the court must determine whether the offenses were committed by the same conduct, *i.e*., "a single act, committed with a single state of mind."' Id. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment). If both questions are answered in the affirmative, then the offenses are allied offenses of similar import and will be merged. *Johnson*, at ¶ 50."

Appellant's complicity to commit felonious assault was based on the following statutes: First, R.C. 2923.03(A)(1), which states: "No person, acting with the kind of culpability required for the

6

commission of an offense, shall * * * [s]olicit or procure another to commit the offense." Secondly, on R.C. 2903.11(A)(1) and/or (A)(2), which states: "No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

Thus, the first question we must address under a *Johnson* analysis is whether it is possible to cause serious physical harm to another, or to cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, while inflicting or attempting to inflict physical harm to another in the commission of a theft offense. [FN1] We conclude it is possible to commit the offense of complicity in felonious assault and the offense of robbery, as charged in the case *sub judice*, with the same conduct.

FN1. We find the "complicity" aspect of the first charge against appellant does not impact our analysis, because R.C. 2923.03(F) directs that where a person is guilty of complicity in the commission of an offense, he "shall be prosecuted and punished as if he were a principal offender."

Under the second *Johnson* step, however, we answer the "same conduct" question in the negative. That is to say, the evidence supports the conclusion that after appellant had exited the store and moved toward the pickup truck, he engaged in additional conduct, not necessary to his fleeing of the scene, to direct the driver of the pickup to run over the store security officer. We hold this action constituted both separate conduct and separate animus under the circumstances.

Accordingly, we find no error under *Johnson* in the trial court's failure to merge the complicity in felonious assault and robbery convictions in the case *sub judice*.

Appellant's. . . Assignment of Error is overruled.

*State v. Jones*, 2011 WL 1833386, *2-4.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has explained the circumspect nature of a federal habeas court's review:

> "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor,* 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 529 U.S. 362, 120 S.Ct. 1495, 146

8

> L.Ed.2d 389. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*).

*Renico v. Lett*, 599 U.S.766, 773 (2010) (footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one. *Renico v. Lett*, 559 U.S. ——, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith,* 131 S.Ct. 10 (Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, ––– U.S. ––––, ––––, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Petitioner has failed to meet this standard here.

Federal courts can grant habeas corpus relief only if the petitioner is confined in violation of the United States Constitution. 28 U.S.C. § 2254(a); *e.g., Wilson v. Corcoran*, 562 U.S. ––––, 131 S.Ct. 13 (2010). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). As applied here, this Court cannot reexamine whether the Ohio courts were correct in their determination that the separate convictions and sentences in this case do not violate Ohio Revised Code § 2941.25.

9

Although the state appellate court rejected Petitioner's claims by reference to Ohio's statute on allied offenses, specifically Ohio Revised Code § 2941.25, as defined by the Ohio Supreme Court, and did not explicitly refer to federal law addressing the constitutional prohibitions set forth under the Double Jeopardy Clause, this Court previously has concluded that Ohio law in this regard is derived from the same concerns as that of the Double Jeopardy Clause. *See, e.g. Cody v. Jeffreys*, No. 2: 10-cv-974, 2013 WL 170268 at *4--*5 (S.D. Ohio Jan. 16, 2013) (citing *Palmer v. Haviland,* No. C–1–04–28, 2006 WL 1308219 (S.D. Ohio May 11, 2006); *Spence v. Sheets*, 675 F.Supp.2d 792 (S.D. Ohio 2009); *Helton v.Jeffreys,* No.2:06–cv–558, 2007 WL 1100428, at *4–*5 (S.D. Ohio April 10, 2007). The state court's decision rejecting Petitioner's claim, though couched in terms of state law, thus is entitled to deference in this Court's consideration of Petitioner's federal constitutional claim.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger,* the critical question is whether the multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are

duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.

Because the state appellate court did not address the federal constitutional claim, this Court must consider the applicable standard of review.

> There are three options: the deferential standard provided under § 2254(d); the *de novo* standard, and the "intermediate approach." *See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) *(de novo)*; *Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir. 2000), cert. denied, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003), cert. denied, 540 U.S. 1158, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir.2005) (same). The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach." *Moldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005); *Howard*, 405 F.3d at 467. When there is no decision or "no results," federal review is *de novo. See Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542 (*de novo* when there was no state court decision on second prong of *Strickland* test). When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard*, 405 F.3d at 467; *McKenzie*, 326 F.3d at 727.... [T]he "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue." In the latter situation there are "no results" for the federal court to defer, and *de novo* review by the federal court is required. *See Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542; *McKenzie,* 326 F.3d at 327.

*Socha v. Wilson*, 477 F.Supp.2d 809, 2007 WL 530147 (N.D. Ohio February 21, 2007). Here, regardless of whether this Court employs an "intermediate approach" or conducts the more deferential standard of review, Petitioner's double jeopardy claim fails.

Petitioner does not dispute the factual findings of the state appellate court, nor has he met his burden of rebutting the presumption of correctness accorded to those facts under 28 U.S.C. § 2254(e)(1). Petitioner does argue, however, that his convictions and sentences on robbery and

11

complicity to commit felonious assault violate the Double Jeopardy Clause, because both were based on the "same act of violence." *Petition*, PageID #5. This Court does not agree. As discussed by the state appellate court, evidence indicated that Petitioner pushed Lori Cain, the store security officer, when she confronted him for attempting to steal liquor, threatened to hurt her, and swung at her with the liquor bottle. *Trial Transcript*, PageID #336-41. Thereafter, he told his getaway driver to run over Cain. In attempting to avoid getting run over, Cain sustained serious injuries requiring surgery. PageID #343.

Thus, Petitioner's convictions on robbery and robbery and complicity to commit felonious assault resulted from two distinct acts and did not violate the Double Jeopardy Clause.

Claim one is without merit.

## CLAIM THREE

In claim three, Petitioner asserts he was denied due process and sentenced in violation of Ohio Revised Code § 2929.14(E)(4) because the trial court failed to make the required statutory findings prior to imposition of consecutive terms of incarceration. This claim raises fails to present a claim of federal constitutional magnitude justifying federal habeas corpus relief.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its

own rules of evidence and procedure'" in considering a habeas petition.  *Id*. (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Petitioner has failed to demonstrate a denial of fundamental fairness justifying the extraordinary remedy of habeas intervention.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:  November 26, 2013